NEW YORK. The (SCHURTZ v.). See Case No. 12,492.

NEW YORK. The (WALDORF v.). See Case No. 17,057.

NEW YORK (YOUNGS v.). See Case No. 18,-185.

NEW YORK & B. BRASS CO. (WATERBURY BRASS CO. v.). See Cases Nos. 17,-255 and 17,256.

NEW YORK & L. B. R. C. (PENNSYLVANIA R. CO. v.). See Case No. 10,953.

NEW YORK & E. BANK (WOOLEN v.). See Case No. 18,026.

---

## Case No. 10,198.

NEW YORK & E. R. R. v. SHEPARD et al.

[5 McLean, 455.] [1]

Circuit Court, D. Ohio. April Term, 1853.

JURISDICTION—CITIZENSHIP OF CORPORATION.

1. The circuit court takes jurisdiction where a suit is brought by a corporation, from the place where it is located, and where its corporate functions are discharged.

2. No further allegation of citizenship is required.

[This was a bill in equity by the New York & Erie Railroad against Shepard & Shepard.]

Mr. Willey, for plaintiffs.

Mr. Stanbery, for defendants.

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

OPINION OF THE COURT. The declaration states, the New York and Erie Railroad, doing business and resident in the state of New York, plaintiffs, complain, &c. The defendants demurred on the ground that there was no sufficient allegation of citizenship, to give jurisdiction to the court. Where a corporation of another state sues in this court, an allegation of citizenship is not now necessary, as was formerly required. The state where the corporation is located and in which its corporate functions are exercised, if alleged, is sufficient to give jurisdiction. The demurrer is overruled.